Ba v. Sessions

BIA
Cheng, IJ
A201 122 222

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

OUMAR SAMBA BA,
> *Petitioner,*

v.                                          16-4190
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Diana L. Castaneda, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; John S. Hogan,
                         Assistant Director; Robbin K.
                         Blaya, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oumar Samba Ba, a native and citizen of Mauritania, seeks review of a November 18, 2016, decision of the BIA affirming a September 24, 2015, decision of an Immigration Judge ("IJ") denying Ba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Oumar Samba Ba,* No. A 201 122 222 (B.I.A. Nov. 18, 2016), *aff'g* No. A 201 122 222 (Immig. Ct. N.Y. City Sept. 24, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each

2

such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Ba was not credible.

As set forth below, the adverse credibility determination is supported by significant inconsistencies between Ba's testimony on the one hand and his written statement and documentary evidence on the other.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Ba testified, for example, that the Mauritanian government confiscated his farmland without compensation and assigned it to non-black Mauritanians.  But he omitted the confiscation of his own personal land from his written statement, and the letters from his brother, wife, and friend similarly contain no reference to seizure of Ba's (or their) own land.  The IJ reasonably concluded that the omissions from Ba's written

statement and his brother's letter were significant because Ba allegedly suffered a valuable loss to his livelihood as the victim of the same racist and discriminatory practices he publicly protested, and Ba's brother co-owned the land. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (citation and quotation marks omitted)).  The agency was not compelled to accept the explanation that the Mauritanian government confiscated *all* the land occupied by the black population in Ba's village and reasonably expected that Ba's application would have mentioned the seizure of his own land.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder

4

would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Additional inconsistencies regarding whether Ba sought medical treatment following each of the alleged attacks bolster the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. For example, Ba testified that he sought treatment in a clinic after each of the three attacks, but neither his written statement nor his family's letters included any reference to any medical treatment. *Ming Zhang*, 585 F.3d at 726. The agency reasonably found the omission significant as it relates to the level of harm Ba allegedly suffered. *See Xian Tuan Ye*, 446 F.3d at 295. Although Ba suggests that the IJ required him to answer complex questions about his medical treatment despite his lack of education, the IJ cited the lack of any reference to medical treatment in Ba's documentary evidence rather than Ba's lack of detailed medical knowledge.

Finally, the agency reasonably relied on Ba's inconsistent testimony regarding the submission of false documentation to the consulate in support of his visa application. Although the agency generally may not rely on false statements made to escape persecution to find an

applicant not credible, the agency did not do so here. Instead, the IJ relied mainly on the fact that Ba was inconsistent at his hearing as to what false information he had presented to obtain a visa to travel to the United States and reasonably noted that Ba had been unharmed in Mauritania for a couple of years before seeking a visa. *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (instructing that fraudulent document cannot form basis of adverse credibility determination if such document was used to escape "immediate danger or imminent persecution"); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 288 (2d Cir. 2006) (same). We defer to the agency "[w]here there are two permissible views of the evidence." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination given the centrality of Ba's omission regarding the confiscation of his own land, as well as the more minor omissions and inconsistencies relating to medical treatment and what false information he presented to the U.S. consulate. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three

6

claims rely on Ba's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7